UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL MOORE, | ) | CASE NO.: 1:25-CV-00967 |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| BALBOA CAPITAL CORPORATION, | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiff Jamal Moore's Motion for Leave to File First Amended Complaint. (Doc. 22.) The motion is opposed and fully briefed. (Docs. 25, 26-1.) Also before the Court is Defendant Balboa Capital Corporation's Motion to Dismiss the initial complaint (Doc. 10) as well as Plaintiff's Motion to Expedite Discovery, Motions for Sanctions, and Request for Immediate Injunctive Relief (Docs. 12, 15).

For the reasons stated herein, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 22) is GRANTED, and Defendant's Motion to Dismiss the initial complaint (Doc. 10) is DENIED as moot. Plaintiff's Motion to Expedite Discovery, Motions for Sanctions, and Request for Immediate Injunctive Relief (Docs. 12, 15) are DENIED.

**I.      BACKGROUND**

Plaintiff Jamal Moore ("Plaintiff" or "Moore") is the operator and sole member of his company, Hero Solutions, LLC ("Hero"). (Doc. 1 at ¶ 7.) On April 20, 2022, Hero entered into an Equipment Financing Agreement ("EFA") with Defendant Balboa Capital Corporation ("Defendant" or "Balboa") to finance the purchase of a truck for its business. (*Id.* at ¶ 9; Doc. 1-5.) The same day, Plaintiff entered into a Personal Guaranty with Balboa as additional consideration for the EFA. (Doc. 1-8.)

On March 6, 2025, Plaintiff sent Balboa a letter with the subject line "Conditional

Acceptance & Request for Clarification Regarding Loan Agreement." (Doc. 1 at ¶ 12; Doc. 1-7.) On March 19, 2025, Plaintiff sent Balboa a letter with the subject line "Notice of Fault in Dishonor, Reaffirmation of Prior Notice & Final Opportunity to Cure." (*Id.* at ¶ 16; Doc. 1-9.) On March 25, 2025, Plaintiff sent Balboa a letter with the subject line "Final Notice of Default & Demand for Restitution." (Doc. 1 at ¶ 12; Doc. 1-11.) Plaintiff alleges Balboa has failed to respond to his letters or "lawfully cure their dishonor." (Doc. 1 at ¶¶ 13, 20.)

On March 19, 2025, Balboa sent Plaintiff a written notice that his failure to make payments constituted a default under the EFA and Personal Guaranty. (Doc. 1-10.) On March 20, 2025, Balboa sent Plaintiff an acceleration demand notice. (Doc. 1-12.) On April 24, 2025, Balboa filed litigation in Stark County against Plaintiff and Hero for breach of the EFA and Personal Guaranty.

On May 13, 2025, Plaintiff filed this action against Balboa. (*See* Doc. 1.) Plaintiff asserts thirteen different causes of action and attaches over twenty exhibits to his complaint. (*See* Docs. 1-1-30.) Plaintiff claims he is being harassed by Defendant's third-party repossession agent, and that the Stark County litigation is retaliatory. (*Id.* at ¶ 20A.)

On June 10, 2025, Defendant moved to dismiss the initial complaint. (Doc. 10.) The motion is fully briefed. (Docs. 12, 16.)

On June 20, 2025, Plaintiff moved to expedite discovery and for sanctions against Defendant. (Doc. 12.) On July 2, 2025, Plaintiff again moved for sanctions against Defendant and requested immediate injunctive relief. (Doc. 15.) Defendant opposed these motions. (Docs. 17, 24.)

On July 16, 2025, Plaintiff moved for leave to file a First Amended Complaint. (Doc. 22.) He attached a proposed amended complaint. (Doc. 22-2.) The motion is fully briefed.

(Docs. 25, 26-1.)

II.     LAW AND ANALYSIS

    A.     **Plaintiff's Motion for Leave to Amend**

Rule 15(a) indicates that leave to file an amended complaint should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff "seeks to file a First Amended Complaint to correct procedural deficiencies, clarify and consolidate claims, and provide a more precise and focused articulation of Defendant's misconduct." (Doc 22 at 596.) He asserts the amendments are "made in good faith and not for purposes of delay." (*Id.*) Plaintiff claims he prepared them upon recognizing issues Defendant raised in its motion to dismiss briefing. (*Id.*) He also states allowing the amendments will not prejudice Defendant because the case remains in its early stages. (*Id.*)

The proposed First Amended Complaint includes four causes of action: (1) fraud and deceit; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of California Business & Professions Code § 17200 (Unfair Competition Law); and (4) intentional infliction of emotional distress. (Doc. 22-2 at 607-16.) He attaches several documents to the proposed amendment. (*Id.* at 618-91.)

Defendant argues the motion must be denied because Plaintiff's proposed First Amended Complaint is futile. (Doc. 25 at 701.) Although Plaintiff acknowledges the substantive deficiencies of the original complaint, his amendments fail to remedy those defects, Defendant urges. (*Id.*) Defendant asserts all four of Plaintiff's claims fail as a matter of law. (*Id.* at 702-

12.)

A proposed amendment is futile unless it can survive a motion to dismiss under Rule 12(b)(6).  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  "Unless an amendment is plainly futile, arguments regarding the legal sufficiency of the claim are better addressed in the context of a motion to dismiss the amended complaint rather than a denial of leave to amend the complaint.  *Rugged Cross Hunting Blinds, LLC v. DBR Fin., Inc.*, No. 1:23-CV-02231, 2024 WL 688755, at *4, 2024 U.S. Dist. LEXIS 28160 (N.D. Ohio Feb. 20, 2024) (quotations and citations omitted); *see also Stuckey v. Online Res. Corp.*, No. 2:08-cv-1188, 2010 WL 11565402, at *2, 2010 U.S. Dist. LEXIS 154245 (S.D. Ohio Nov. 1, 2020) (citing Wright & Miller § 1487).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)); *see also Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam).  Plaintiff maintains the proposed First Amended Complaint satisfies applicable pleadings standards and argues any challenge to the merits should be reserved for later motion practice.  (Doc. 26-1 at 720-23.)

Where Plaintiff's pleadings are liberally construed, the proposed amendments are not so obviously futile, and where the party opposing amendment may challenge the sufficiency of the proposed allegations and claims pursuant to Rule 12, the Court should—as it does here—permit amendment.  Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED, and Defendant's Motion to Dismiss the initial complaint is DENIED as moot.

**B.     Plaintiff's Other Pending Motions**

Also pending are Plaintiff's Motion to Expedite Discovery, Motions for Sanctions, and Request for Immediate Injunctive Relief.  (Docs. 12, 15.)  Defendant opposes the motions.

(Docs. 17, 24.)

In Plaintiff's opposition brief to Defendant's Motion to Dismiss, Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11(b). (Doc. 12). He alleges Defendant made "false, misleading, and procedurally defective representations" in the motion to dismiss. (Doc. 12 at 386-88.) In the same opposition brief, Plaintiff also moves to expedite discovery under Rule 26(d) prior to the Rule 26(f) conference. (*Id.* at 389-91.) He claims good cause exists based on Defendant's alleged misconduct and factual concealment. (*Id.*)

In response, Defendant argues Plaintiff's motion for sanctions does not comply with Rule 11's procedural prerequisites, and Plaintiff has not identified any sanctionable conduct. (Doc. 17 at 568-69.) Defendant also asserts Plaintiff did not meet his burden to demonstrate good cause for expedited discovery. (*Id.* at 565-68.)

Under Rule 11's safe-harbor provision, if a party requests sanctions, it must file a motion for sanctions separately from any other motion and the party must not file that motion with the Court until twenty-one days after serving the violating party with the motion to give the violating party an opportunity to correct the challenged document. FED. R. CIV. P. 11(c)(2). Plaintiff filed his motion for sanctions as part of his opposition to Defendant's motion to dismiss and Plaintiff's motion to expedite discovery. (Doc. 12.) He did not serve Defendant with the motion prior to filing it or provide Defendant with an opportunity to correct its challenged conduct. (*Id.*; Doc. 17 at 568.) Accordingly, Plaintiff's Motion for Sanctions fails to comply with the safe-harbor provision of Rule 11. This failure is fatal. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767, (6th Cir. 2014) ("[f]ailure to comply with the safe-harbor provision precludes imposing sanctions") .

As to expedited discovery, "the Court may authorize discovery, prior to the Rule 26(f)

conference, upon a showing of good cause." *Voltage Pictures, LLC v. Does 1-43*, No. 1:13CV465, 2013 WL 1874862, at *5, 2013 U.S. Dist. LEXIS 63764 (N.D. Ohio May 2, 2013) (citations omitted).  Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating good cause.  *Best v. Mobile Streams*, Inc., No. 1:12-CV-564, 2012 WL 5996222, at *1, 2012 U.S. Dist. LEXIS 170342 (S.D. Ohio Nov. 30, 2012) (citation omitted).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Voltage Pictures, LLC*, 2013 WL 1874862, at *5 (citations and quotations omitted).  Plaintiff has not demonstrated Defendant engaged in misconduct or concealed facts.  He has not met his burden to show good cause exists to expedite discovery under Rule 26(d).

Plaintiff also filed a second Rule 11 Motion for Sanctions and included a Request for Immediate Injunctive Relief.  (Doc. 15.)  Plaintiff asserts Defendant has continued to harass him since the filing of this action.  (*Id.* at 547.)  He requests an order enjoining Defendant and its agents from further direct or indirect contact with him.  (*Id.* at 549.)

In response, Defendant argues Plaintiff again failed to comply with Rule 11's mandatory procedural requirements, and Plaintiff has not satisfied the standard for injunctive relief under Rule 65.  (Doc. 24.)

Plaintiff's second motion for sanctions fails for the same procedural deficiency noted above.  Plaintiff filed it with his request for injunctive relief, and he did not provide Defendant an opportunity to correct its challenged conduct prior to filing it with the Court.  (Doc. 15; Doc. 24 at 697-98.)

As to his requested injunctive relief, Plaintiff must show, by clear and convincing evidence, (1) he has a strong likelihood of success on the merits, (2) he would suffer irreparable

injury without an injunction, (3) the issuance of an injunction would not cause substantial harm to others, and (4) the public interest would be served by the injunction.  *See Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 622 (6th Cir. 2017); *Draudt v. Wooster City Sch. Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 832 (N.D. Ohio 2003) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)).  These factors are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiff references the four factors, providing a bullet point summary for each.  (*See* Doc. 15 at 549.)  As to likelihood of success on the merits, Plaintiff states "[p]ost-service violations are documented and undisputed." (*Id.*)  This assertion, without legal or factual support, is insufficient to demonstrate by clear and convincing evidence that he is likely to succeed on the merits.  For irreparable harm, Plaintiff must show "he will suffer actual and imminent harm." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  Harm is irreparable if it cannot be fully compensated by monetary damages. *Overstreet*, 305 F.3d at 578.  For this factor, Plaintiff asserts "[c]ontinued harassment cannot be undone." (Doc. 15 at 549.)  But he offers no explanation why monetary damages could not address any harm he has suffered.  On the third factor, the Court must consider "whether the issuance of the injunction would cause substantial harm to others." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550-51 (6th Cir. 2007).  Plaintiff states this factor favors his "right to litigate undisturbed." (Doc. 15 at 549.)  He fails to address whether an injunction would cause harm to others.  Finally, as to public interest, Plaintiff suggests his requested injunctive relief "[s]upports respect for judicial integrity."  He offers no legal or factual explanation for this assertion.

Plaintiff has not shown, by clear and convincing evidence, that he is entitled to injunctive relief.

## III. CONCLUSION

For the reasons stated herein, Plaintiff Jamal Moore's Motion for Leave to File First Amended Complaint (Doc. 22) is GRANTED, and Defendant Balboa Capital Corporation's Motion to Dismiss the initial complaint (Doc. 10) is DENIED as moot.  The Motions to Expedite Discovery, for Sanctions, and for Immediate Injunctive Relief (Docs. 12, 15) are DENIED. Plaintiff must file his amended complaint within ten (10) days of this Order.  Failure to do so will result in dismissal of this matter for failure to prosecute.

**IT IS SO ORDERED.**

Date:   September 30, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE